IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSCAR W. JONES,

    Petitioner,                        No. CIV S-02-1250 GEB DAD P

    vs.

MEL HUNTER, et al.,

    Respondents.                <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Petitioner is a former state prisoner subsequently confined pursuant to a civil commitment. He is proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a December 13, 1999 finding by the Sacramento County Superior Court that he was a sexually violent predator pursuant to § 6600 of the California Welfare and Institutions Code, and a resultant commitment to Atascadero State Hospital for two years. He seeks relief on the grounds that he received ineffective assistance of counsel and that his referral for evaluation as a sexually violent predator and subsequent commitment violated his right to due process. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

/////

/////

BACKGROUND

> [Petitioner] was convicted of sexually violent offenses in 1976 and 1985. His parole was revoked twice after his release from prison in 1994, and he served additional time in prison. He was taken into custody in June 1997 for a suspected third parole violation.
>
> On July 29, 1997, [petitioner] was referred to the Department of Mental Health (DMH) for evaluation as an SVP.
>
> After a hearing on August 13, 1997, [petitioner] was found to be in violation of his parole, and he was sentenced to six months in prison, with credit for time served on the parole hold. [Petitioner's] release date was scheduled for December 14, 1997.

(Answer, Ex. C (hereinafter Opinion), at 2).[1]

On November 24, 1997, the Sacramento County District Attorney filed a petition pursuant to California Welfare & Institutions Code § 6600, et seq., alleging that petitioner was a sexually violent predator. Petitioner was arraigned on December 4, 1997. After four motions to dismiss were denied, jury trial commenced on November 30, 1999. On December 13, 1999, the jury found that petitioner was a sexually violent predator within the meaning of California Welfare & Institutions Code § 6600. On that same date the Sacramento County Superior Court entered an order committing petitioner to the Department of Mental Health. (Clerk's Transcript on Appeal (CT) at 715; Resp'ts' June 4, 2003, Mot. to Dismiss at 2.)

On December 20, 1999, counsel filed a notice of appeal on petitioner's behalf. (CT at 716.) The California Court of Appeal for the Third Appellate District affirmed the judgment against petitioner on November 21, 2001. Petitioner filed a petition for review in the California Supreme Court, arguing that his commitment was in excess of the trial court's

---

[1] A sexually violent predator is defined in California law as "a person who has been convicted of a sexually violent offense against two or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst. Code § 6600(a)(1). A probable cause hearing is held after a petition for commitment is filed to determine "whether there is probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release." Cal. Welf. & Inst. Code § 6602(a).

jurisdiction due to the failure of the Department of Mental Health and Department of Corrections to follow statutory requirements in initiating the proceedings. The petition for review was denied on January 29, 2002. (Id. at 2 & Exs. A & B.)

Petitioner subsequently filed two petitions for a writ of habeas corpus in the California Superior Court, one petition for a writ of habeas corpus in the California Court of Appeal, and two petitions for a writ of habeas corpus in the California Supreme Court. (Answer, Exs. F, G, K, N, P.) All of these petitions were denied. (Answer, Exs. H, I, M, O, Q.)

## ANALYSIS

### I. Standards of Review Applicable to Habeas Corpus Claims

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085. Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Lindh v.Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). Section 2254(d) sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

        (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).

        The court looks to the last reasoned state court decision as the basis for the state court judgment.  Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d).  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).  When it is clear that a state court has not reached the merits of a petitioner's claim, or has denied the claim on procedural grounds, the AEDPA's deferential standard does not apply and a federal habeas court must review the claim de novo.  Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

II. Petitioner's Claims

    A. Due Process

        Petitioner claims that his commitment as a sexually violent predator runs afoul of the Due Process Clause because his referral to the California Department of Mental Health for evaluation was carried out in violation of the procedural requirements set forth in California Welfare & Institutions Code § 6601.

        California Welfare & Institutions Code § 6601(a)(1) provides as follows:

> Whenever the Director of Corrections determines that an individual who is in custody under the jurisdiction of the Department of Corrections, and who is either serving a determinate prison sentence or whose parole has been revoked, may be a sexually violent predator, the director shall, at least six months prior to that individual's scheduled date for release from prison, refer the person for evaluation in accordance with this section. However, if the inmate was received by the department with less than nine months of his or her sentence to serve, or if the inmate's

        release date is modified by judicial or administrative action, the director may refer the person for evaluation in accordance with this section at a date that is less than six months prior to the inmate's scheduled release date.

Petitioner contends that the state courts lacked jurisdiction to determine whether he was a sexually violent predator because the District Attorney filed the referral petition in his case outside the time limitations contained in California Welfare & Institutions Code § 6601(a)(1), set forth above.  Specifically, petitioner argues that (1) he is not a person serving a determinate or indeterminate sentence or a person whose parole had been revoked at the time the referral was made to the DMH; (2) the referral was not made at least six months prior to his release date; and (3) the District Attorney could not lawfully refer petitioner for evaluation less than six months prior to his release date because petitioner was not received by the department with less than nine months of his sentence to serve, nor was his sentence modified by judicial or administrative action.  (Fourth Amended Petition (Pet.) at 5a.)  Petitioner notes that in his case the referral petition was filed after his arrest for a parole violation but before the parole hearing had taken place or had even been scheduled, and that the referral on July 29, 1997 occurred less than six months prior to his scheduled release date of December 14, 1997.  (Id.)  Petitioner summarizes his arguments as follows:

> **According to W.I.C. § 6601(a), the CDC never acquired the jurisdiction to make an SVP referral**.  With a parole revocation of six (6) months and a release date (12-14-97) that was only four (4) months away from the date (8-13-97) that I was sentenced, it was/is impossible for the CDC to have acquire (sic) the jurisdiction to make a lawful referral to the DMH.  **The referral would have been unlawful no matter when it was made**.

(Id. at 5c; see also Traverse at 22.)  Petitioner argues, in essence, that the California Department of Corrections could not lawfully refer him for evaluation as a sexually violent predator pursuant to California Welfare & Institutions Code § 6601 because his case could not and did not fall within the time limits specified in that code section.

/////

5

The California Court of Appeal described petitioner's argument on appeal as follows:

> Defendant contends the trial court acted in excess of its jurisdiction in ordering a civil commitment because the referral for DMH evaluation did not comply with statutory requirements. Specifically, he argues the referral was premature because it occurred before his parole was revoked. . . .
>
> Defendant relies on section 6601, subdivision (a)(1), which authorizes referral for evaluation for an individual "who is either serving a determinate prison sentence or whose parole has been revoked . . . ." Defendant correctly notes that, on July 29, 1997, the day of his referral for evaluation, he was not serving a determinate sentence, nor had his parole been revoked. While he was in custody on a parole hold on that date, his parole was not revoked until two weeks later, on August 13, 1997. Defendant asserts that because he did not meet either of the statutory prerequisites for a referral, the court lacked the jurisdiction to later order his civil commitment.

(Opinion at 3.)

The state appellate court rejected petitioner's arguments and concluded that the commitment order was proper. The court reasoned as follows:

> Initially, we note defendant did not raise this complaint at the probable cause hearing. In fact, rather than claiming that his referral for evaluation was premature, defendant repeatedly argued at that hearing that the referral was too late. It was not until just before trial that defendant first argued that the referral to DMH occurred too soon. Under these circumstances, defendant cannot be said to have preserved this matter for appellate review.
>
> Furthermore, setting aside any question of waiver, defendant's claim lacks merit. Even if we assume section 6601, subdivision (a)(1) applies, defendant errs in concluding that any failure to comply with this provision invalidates the court's subsequent action and automatically compels reversal.
>
> When evaluating whether a statutory provision is to be given directory or mandatory effect, courts generally look to the purposes behind the procedural requirements to determine whether invalidation is necessary to promote the statute. (citation omitted.)
>
> The SVPA was designed to protect the public and allow time for evaluations and judicial proceedings to be completed before an SVP's release date. (citation omitted.) Here, at the time of the

DMH referral, defendant was lawfully in custody on a parole hold.[2] Under these circumstances, where there is no hint of negligence or intentional wrongdoing, to hold that the allegedly premature referral for evaluation deprived the court of acting on a later filed SVP petition would thwart the intent of the SVPA. Numerous cases have held that a court is not deprived of jurisdiction when an individual is not lawfully in custody when a petition is filed. (citations omitted.) To hold that a court loses jurisdiction under these circumstances, even though an individual is lawfully in custody, is not necessary to the purpose of the SVPA and would indeed be at odds with that purpose.

The prerequisites outlined in section 6601, subdivision (a)(1) must therefore be deemed directory, not mandatory. Defendant has not demonstrated any prejudice whatsoever from the "premature" referral to DMH. He has not even hinted as to how he would have benefited had the referral been delayed two weeks, until after his parole was officially revoked.

We emphasize the petition itself was timely filed. Section 6601, subdivision (a)(2) specifically authorizes an SVP petition to be filed "if the individual was in custody pursuant to his or her determinate prison term, or . . . [parole revocation term]. A petition shall not be dismissed on the basis of a later judicial or administrative determination that the individual's custody was unlawful, if the unlawful custody was the result of a good faith mistake of fact or law. This paragraph shall apply to any petition filed on or after January 1, 1996.

At the time the SVP petition was filed on November 24, 1997, defendant was lawfully in custody and serving time for violating his parole. The petition was therefore properly filed, and the court had jurisdiction to continue with the proceedings. Defendant argues that, because section 6601, subdivision (a)(2) was not effective until July 22, 1999 (Stats. 1999, ch. 136, § 1), its application in this case poses ex post facto concerns. (citations omitted.) However, as defendant acknowledges in a footnote, the California Supreme Court has held that SVP proceedings are civil in nature and do not implicate ex post facto concerns. (citation omitted.) Moreover, given the Legislature's express determination that this provision is declarative of existing law, there is no ex post facto violation.

/////

---

[2] This time in custody was credited against defendant's subsequent sentence for the parole violation. (See generally Cal. Code Regs., tit. 15, § 2635.1, subd. (c); People v. Bruner (1995) 9 Cal. 4th 1178, 1181, fn. 1 [confinement on parole hold credited against subsequent revocation term].)

7

> In short, the trial court did not exceed its jurisdiction in ordering a civil commitment.

(Id. at 3-6.)

Respondent argues that the state appellate court's ruling that petitioner waived this issue for appeal because of his failure to raise an objection at the probable cause hearing constitutes a state procedural bar precluding this court from addressing the merits of petitioner's claim. (Answer at 11-14.) State courts may decline to review a claim based on a procedural default. Wainwright v. Sykes, 433 U.S. 72 (1977). As a general rule, a federal habeas court "'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" Calderon v. United States District Court (Bean), 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). The state rule is only "adequate" if it is "firmly established and regularly followed." Id. (quoting Ford v. Georgia, 498 U.S. 411, 424 (1991)). See also Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir. 2003) ("[t]o be deemed adequate, the state law ground for decision must be well-established and consistently applied.") The state rule must also be "independent" in that it is not "interwoven with the federal law." Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000) (quoting Michigan v. Long, 463 U.S. 1032, 1040-41 (1983)). Even if the state rule is independent and adequate, the claims may be heard if the petitioner can show: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 749-50. A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim. Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989); Carriger v. Lewis, 971 F.2d 329, 333 (9th Cir. 1992); Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991).

Although the state appellate court addressed petitioner's claim regarding the timing of the referral on the merits, it also expressly held that the issue was waived on appeal

because of defense counsel's failure to object.  (Opinion at 3.)  Respondent has met his burden of adequately pleading an independent and adequate state procedural ground as an affirmative defense.  See Bennett 322 F.3d at 586.  Petitioner does not deny that his trial counsel failed to raise a contemporaneous objection to the SVP referral on the same grounds that he asserts here.  Petitioner has failed to meet his burden of asserting specific factual allegations that demonstrate the inadequacy of California's contemporaneous-objection rule as unclear, inconsistently applied or not well-established, either as a general rule or as applied to him.  Bennett, 322 F.3d at 586; Melendez v. Pliler, 288 F.3d 1120, 1124-26 (9th Cir. 2002).  Petitioner's claim is therefore procedurally barred.  See Coleman, 501 U.S. at 747; Harris v. Reed, 489 U.S. 255, 264 n.10 (1989); Paulino v. Castro, 371 F.3d 1083, 1092-93 (9th Cir. 2004) (claim that defendant's due process rights were violated by the trial court's failure to instruct sua sponte on the definition of "major participant" was procedurally barred because counsel failed to make a contemporaneous objection to the instruction at trial).  Petitioner has also failed to demonstrate that there was cause for his procedural default or that a miscarriage of justice would result absent review of the claim by this court.  See Coleman, 501 U.S. at 748; Vansickel v. White, 166 F.3d 953, 957-58 (9th Cir. 1999).³  The court is therefore precluded from considering the merits of this claim.

Even were this claim not procedurally barred, it lacks merit.  Petitioner argues that he has a liberty interest in the state's compliance with the procedural requirements set forth in California Welfare & Institutions Code § 6601 which was deprived without due process when the

---

³ Petitioner asserts that he has established cause because his trial counsel rendered ineffective assistance when he failed to raise a due process objection to the SVP referral at the probable cause hearing.  (Traverse at 29.)  "Attorney ignorance or inadvertence is not cause, but attorney error rising to the level of an independent constitutional violation (in the form of ineffective assistance of counsel) does constitute cause."  Moormann v. Schriro, 426 F.3d 1044, 1058 (9th Cir. 2005) (citing Coleman, 501 U.S. at 753-54).  Petitioner's counsel did not render ineffective assistance due to his failure to raise a due process objection to the referral procedure on the same grounds alleged by petitioner in the instant petition because, as explained below, there was no prejudice from counsel's failure to do so.  See Turner v. Calderon, 281 F.3d 851, 872 (9th Cir. 2002) (stating that counsel is not ineffective for refraining from arguing an issue that has little or no prospect of success).  Accordingly, trial counsel's inaction does not rise to the level of "cause" for petitioner's default.

state failed to comply with those requirements. As a result, according to petitioner, the state court lacked jurisdiction to order his civil commitment.[4]

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Protected liberty interests may arise from two sources; the Due Process Clause itself and the laws of the States. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989); Hewitt v. Helms, 459 U.S. 460, 466 (1983); Myron v. Terhune, 457 F.3d 996, 999 (9th Cir. 2006). Petitioner does not claim that the Due Process Clause itself confers a liberty interest in a state's compliance with California Welfare & Institutions Code § 6601(a)(1), nor does he cite any authority in support of such an argument. Rather, petitioner claims that § 6601 itself confers a liberty interest in the state's compliance with the procedural requirements of that section because of the mandatory language contained therein. Petitioner notes that the statute uses the word "shall" in one instance when addressing the referral for evaluation.

"A State creates a protected liberty interest by placing substantive limitations on official discretion." Olim v. Wakinekona, 461 U.S. 238, 249 (1983). A state law must satisfy two requirements in order to create a liberty interest protected by the federal Constitution. "First, the law must set forth 'substantive predicates' to govern official decision making and, second, it must contain 'explicitly mandatory language,' i.e., a specific directive to the decision-maker that mandates a particular outcome if the substantive predicates have been met." Myron, 457 F.3d at 999 (quotations omitted). "[T]hese interests will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary

---

[4] Any claim that petitioner's referral for SVP evaluation violated only state law is not cognizable in this federal habeas corpus proceeding. Estelle, 502 U.S. at 67-68; Park, 202 F.3d at 1149; Middleton, 768 F.2d at 1085.

incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The mere fact that a statute uses the word "shall" does not necessarily establish a liberty interest. See Toussaint v. McCarthy, 801 F.2d 1080, 1098 (9th Cir. 1986) (the word "shall" alone is not sufficient to create a liberty interest).

As set forth above, the California Court of Appeal analyzed the purposes underlying California Welfare & Institutions Code § 6601(a)(1) and concluded that the language contained therein was "directory" and not "mandatory." (Opinion at 4.)[5] The state court's conclusion that the language of § 6601(a)(1) is not mandatory in nature may not be set aside in this federal habeas corpus proceeding. See Estelle, 502 U.S. at 67-68 (a federal writ is not available for alleged error in the interpretation or application of state law); Aponte v. Gomez, 993 F.2d 705, 707 (9th Cir. 1993) (federal courts are "bound by a state court's construction of its own penal statutes"); Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir. 1989) (a federal habeas court must defer to the state court's construction of its own penal code unless its interpretation is "untenable or amounts to a subterfuge to avoid federal review of a constitutional violation"). This court also notes that the time limits set out in California Welfare & Institutions Code § 6601(a)(1) do not impose independent deprivations on a prisoner's liberty nor do they impact whether a prisoner is ultimately found to be a sexually violent predator. Rather, that provision simply explains when a person in custody should be referred to the DMH for evaluation, in order to ensure that an SVP determination is made prior to that person's release. (Opinion at 4.) Under these circumstances, the state court's conclusion that the language of § 6601 does not create a liberty interest is not contrary to or an unreasonable application of federal law. See

---

[5] Pursuant to California law, "the question of whether a public official's failure to comply with a statutory procedure should have the effect of invalidating a subsequent governmental action has been characterized as a question whether the statute should be accorded mandatory or directory effect." People v. Curtis, 177 Cal. App. 3d 982, 987 (1986). "[I]n evaluating whether a provision is to be accorded mandatory or directory effect, courts look to the purpose of the procedural requirement to determine whether invalidation is necessary to promote the statutory design." People v. McGee, 19 Cal. 3d 948, 958 (1977).

Toussaint, 801 F.2d 1098; see also Hubbart v. Knapp, 379 F. 3d 773, 779 (9th Cir. 2004) ("The question before us is not whether the state court of appeal applied an overbroad interpretation of the SVPA's "in custody" requirement, but whether that court's interpretation and application of the SVPA in this case violates federal due process. "), cert. denied, 543 U.S. 1071 (2005); Woodard v. Mayberg, 242 F. Supp. 2d 695, 706 (N.D. Cal. 2003) ("And even if there was some minor legal error in the "chain of custody" leading to the filing of the petition for commitment, California courts have now made it clear that such error does not defeat jurisdiction to file the petition because SVPA only requires "custody," not "lawful custody," before a petition is filed.")

The state appellate court also concluded that even assuming the requirements of § 6601(a)(1) were applicable to this case and were violated as petitioner claims, petitioner was not entitled to reversal of his SVP commitment. In this regard, the state court explained that the purposes behind the statute would be thwarted if a technical violation of the timing requirements for a referral to the DMH led to invalidation of a subsequent commitment order.[6] This conclusion by the state court, based on its interpretation of a state statute, may not be reviewed in this federal habeas corpus action. Aponte, 993 F.2d at 707; Oxborrow, 877 F.2d at 1399.

---

[6] In reaching this conclusion the state appellate court found that there was "no hint of negligence or intentional wrongdoing" in connection with petitioner's referral for SVP evaluation. (Opinion at 4.) Petitioner argues that, on the contrary, the referral form establishes negligence and/or intentional wrongdoing on its face. Petitioner directs the court's attention to a handwritten notation on the referral form indicating that petitioner's parole revocation hearing had not yet taken place. (See Declaration of Oscar W. Jones in Support of Petitioner's Fourth Amended Petition for Writ of Habeas Corpus (Declaration), Ex. A; Traverse at 8-10). Petitioner also notes that none of the applicable prerequisites for referral of a person "with less than six months prior to scheduled release," such as himself, are checked on the form. (Traverse at 8-10.) He argues that this demonstrates bad faith on the part of state officials because they knew petitioner was not eligible to be referred for SVP evaluation but they referred him for evaluation in any event. This court rejects petitioner's argument that the referral form establishes bad faith or negligence on the part of state authorities. The form simply clarifies petitioner's custody status. It is also accurate on its face, negating any intent to deceive. There is no evidence in the record indicating that state authorities misused the referral form or negligently or intentionally accepted petitioner for evaluation knowing he had been inappropriately referred or was not eligible for evaluation. Petitioner has failed to rebut with "clear and convincing evidence" the state court's factual finding that there was no negligence or intentional wrongdoing on the part of state authorities. Accordingly, this finding is presumed correct. See 28 U.S.C. § 2254 (e)(1).

The California Court of Appeal also noted that petitioner had failed to demonstrate prejudice resulting from the timing of his referral to the Department of Mental Health. Habeas corpus relief may be granted in cases involving error "of the trial type" only when the error "had substantial and injurious effect or influence in determining the jury's verdict" and resulted in "actual prejudice." Brecht v. Abrahamson, 507 U.S. 619, 636-38 (1993). Petitioner argues that he suffered prejudice from the improper referral order because "the referral would not have been made if the statutory Due Process requirements of WIC §6601 had been followed." (Traverse at 23.) Petitioner is apparently asserting that if state authorities had "followed" the procedural requirements contained in § 6601, they would have realized that they could not refer petitioner for evaluation at any time; therefore, he would not have been committed as a sexually violent predator. This circuitous argument lacks merit and does not establish prejudice. As discussed above, the California Court of Appeal properly concluded that state authorities did not violate state law in referring and committing petitioner as a sexually violent predator.

For the reasons described above, the decision of the state court denying petitioner relief on his due process claim is not contrary to or an unreasonable application of United States Supreme Court authority. Accordingly, petitioner is not entitled to relief on this claim.

B. Ineffective Assistance of Counsel

Petitioner claims that his counsel at the probable cause hearing rendered ineffective assistance. In this regard, petitioner argues that counsel: (1) "filed nonsensical motions to dismiss SVPA petition;" (2) failed to discuss and review with petitioner his motions to dismiss; (3) misinformed the state court that petitioner's parole had been revoked by the CDC prior to the SVP referral; and (4) failed to thoroughly review documents in his possession and

/////
/////
/////

present "important evidence to the court."[7] (Pet. at 5; Traverse at 6.) Petitioner includes a copy of counsel's motion to dismiss the commitment referral proceedings, to show "just how confusing and complicated (counsel) made a very simple issue, distorting the facts." (Declaration at p. 2 & Ex. B.) Petitioner raised this claim in a petition for writ of habeas corpus filed in the California Supreme Court. (Answer, Ex. N.) The petition was summarily denied. (Answer, Ex. O.)

The state court record reflects that attorney C. Emmett Mahle was petitioner's first attorney of record and that he represented petitioner at the probable cause hearing, filing several motions on petitioner's behalf. (Reporter's Transcript on Appeal (RT) at 1-45; CT at 532, 541.) After the probable cause hearing, petitioner was ordered to stand trial. (RT at 46-47.) Attorney Mahle then informed the court that another attorney would take over the defense of petitioner's case. Counsel explained the reason for the substitution as follows:

> At this time I have discussed this with Mr. Jones, and I have discussed this with the panel administration. Based on my trial schedule, and I have seven or eight trials set. I've previously discussed this with Mr. Jones. I am going to ask to be relieved at this time.
>
> Mr. Michael Aye, he is experienced in these matters having gone through a full trial in this area, we have contacted him and spoke to him at 1:30. He is prepared to step in. He has asked this matter to be continued until Monday in Department 63. Mr. Sawtelle spoke to him also downstairs. So that the panel would have no problem with me being relieved, and Mr. Aye stepping in and setting a trial date on Monday.

(Id. at 47.) Subsequently, Mr. Aye, as petitioner's counsel, filed and argued another motion to dismiss the referral petition and represented petitioner at his jury trial. (Id. at 56-62, 95.) The motion to dismiss filed by Mr. Aye contains essentially the same due process arguments

---

[7] With respect to this last argument, petitioner appears to be claiming that his counsel failed to find and use the SVP referral form in support of his motion to dismiss. Petitioner claims this form would have alerted his counsel to the fact that petitioner's parole had not yet been revoked when the referral was made, thereby rendering the referral unlawful. (See Traverse at 13.)

petitioner raises in his petition before this court. (CT at 657-60.) The state trial court denied the motion to dismiss. (RT at 61-62.)

The Sixth Amendment guarantees the effective assistance of counsel. The United States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). To support a claim of ineffective assistance of counsel, a petitioner must first show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. See 466 U.S. at 687-88. After a petitioner identifies the acts or omissions that are alleged not to have been the result of reasonable professional judgment, the court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690; Wiggins v. Smith, 539 U.S. 510, 521 (2003). In assessing an ineffective assistance of counsel claim "[t]here is a strong presumption that counsel's performance falls within the 'wide range of professional assistance.'" Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (quoting Strickland, 466 U.S. at 689). There is in addition a strong presumption that counsel "exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing Strickland, 466 U.S. at 689).

Second, a petitioner must establish that he was prejudiced by counsel's deficient performance. Strickland, 466 U.S. at 693-94. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. See also Williams, 529 U.S. at 391-92; Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000). A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697).

Here, petitioner has failed to demonstrate prejudice resulting from attorney Mahle's representation. See Strickland, 466 U.S. at 697; Weaver v. Palmateer, 455 F.3d 958, 966 (9th Cir. 2006) (a federal habeas court is "well advised to bypass scrutinizing a criminal defense attorney's representation if the defendant cannot show that he was prejudiced by it"). Petitioner argues that if Mr. Mahle had correctly explained the relevant facts in his motion to dismiss, "there is an exceedingly high probability that the state courts would have ruled in petitioner's favor an (sic) dismissed the petition." (Traverse at 14.) However, petitioner's second counsel, Mr. Aye, filed a motion to dismiss containing the same arguments and facts petitioner believes his first counsel should have raised. (CT at 657-60; RT at 56-57.) At the hearing on that motion, Mr. Aye made the same arguments petitioner makes in the instant petition. (RT at 56-61.) Prior to announcing his ruling on the motion to dismiss, the trial judge acknowledged that petitioner's parole had not been revoked when the referral was made and that it appeared "the department made the referral at that time when the statute did not specifically provide for." (Declaration, Ex. C at 7.) Nonetheless, the trial court denied the motion to dismiss. Accordingly, even if attorney Mahle had filed the same motion to dismiss that attorney Aye filed and argued, a motion that petitioner approves of, it appears that the motion would have been denied.

Petitioner does not challenge his representation by attorney Aye, and there is nothing in this record demonstrating that the verdict finding petitioner to be a sexually violent predator was obtained in violation of his federal constitutional rights in any way. Petitioner has therefore failed to establish that his representation by attorney Mahle "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just

/////
/////
/////
/////

1  result." Strickland, 466 U.S. at 686.  For these reasons, petitioner is not entitled to relief on his
2  claim of ineffective assistance of counsel.[8]

3        Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for
4  a writ of habeas corpus be denied.

5        These findings and recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
7  days after being served with these findings and recommendations, any party may file written
8  objections with the court and serve a copy on all parties.  Such a document should be captioned
9  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
10 shall be served and filed within ten days after service of the objections.  The parties are advised
11 that failure to file objections within the specified time may waive the right to appeal the District
12 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
13 DATED: September 13, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
jones1250.hc

---

[8] In his traverse petitioner also claims that his appellate attorney rendered ineffective assistance by failing to raise petitioner's federal due process and ineffective assistance of trial counsel claims on appeal. (Traverse at 14.) To the extent petitioner is attempting to belatedly raise a new claim in this manner, relief should be denied. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (a traverse is not the proper pleading to raise additional grounds for relief); Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994) ("we review only issues which are argued specifically and distinctly in a party's opening brief"). Even if such a claim had been properly raised, petitioner has failed to demonstrate a constitutional violation. The Strickland standards apply to appellate counsel as well as trial counsel. Smith v. Murray, 477 U.S. 527, 535-36 (1986); Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989). Petitioner has provided no evidence that counsel's decision as to which issues to present on appeal was not the result of sound strategy. See Jones v. Barnes, 463 U.S. 745, 751 (1983); Smith v. Stewart, 140 F.3d 1263, 1274 n.4 (9th Cir. 1998). Further, in order to establish prejudice in this context, petitioner must demonstrate that, but for counsel's errors, he probably would have prevailed on appeal. Miller, 882 F.2d at 1434 n.9. For the reasons set forth above, petitioner has failed to demonstrate that he would have prevailed on appeal had the issues in question been raised.